In the Matter of MARQUIS K.S., Appellant. GENESEE COUNTY ATTORNEY, Respondent. (Appeal No. 1.) [810 NYS2d 604]—

Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered March 29, 2005 in a proceeding pursuant to Family Court Act article 3. The order adjudged that respondent is a juvenile delinquent and placed respondent in the custody of the New York State Office of Children and Family Services for a period of 12 months.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: On appeal from an order of disposition entered pursuant to Family Court Act article 3 following removal of a criminal action against respondent from adult criminal court to Family Court, respondent contends that both County Court and then Family Court committed reversible error by failing to advise him of his right to remain silent and of the possible dispositional consequences of his admission, and further in fail-

ing to conduct a proper allocution of respondent's father. There is no merit to those contentions. Family Court Act § 320.3 requires that, when "respondent first appears before" Family Court in a juvenile delinquency matter, he and his parent or other person legally responsible for his care shall be advised of respondent's right to remain silent (*see Matter of Jerry YY.*, 309 AD2d 1033 [2003]; *Matter of Walker*, 144 AD2d 306 [1988]). Pursuant to Family Court Act § 321.3 (1) (c), the court shall not consent to the entry of an admission to a juvenile delinquency petition unless the court has "ascertain[ed] through allocution of the respondent and his parent or other person legally responsible for his care, if present, that . . . he is aware of the possible specific dispositional orders" (*see Matter of Zachary H.*, 19 AD3d 1023, 1023-1024 [2005]; *Matter of Franklin M.*, 11 AD3d 469 [2004]).

We conclude that those procedural requirements do not apply to respondent's plea in adult criminal court despite the fact that the plea was entered in anticipation of the removal of the criminal action against respondent to Family Court for adjudication of respondent as a juvenile delinquent. County Court was not required to comply with procedural requirements that are by their terms applicable only in Family Court. Nor can we agree with respondent that Family Court was required to remedy the alleged procedural errors of County Court after the case was removed to Family Court. Pursuant to Family Court Act § 346.1, where the proceeding in Family Court was commenced by County Court's order of removal, "the requirements of a fact-finding hearing shall be deemed to have been satisfied upon the filing of the order and no further fact-finding hearing need be held" (*see also* § 350.2). Because the matter properly proceeded directly to the dispositional stage following removal, there was no occasion for Family Court to comply with the requirements of Family Court Act §§ 320.3 and 321.3. Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.